IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR84 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| SHANE BERTUCCI, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's objection, Filing No. 48, to the report and recommendation (R&R) of the magistrate judge, Filing No. 47. The magistrate judge recommended denial of the defendant's motion to dismiss, Filing No. 23.

### I.   BACKGROUND

The defendant has been charged with a violation of the Bald and Golden Eagle Protection Act, 16 U.S.C. § 668(a) (hereinafter, "the Eagle Protection Act"). The Indictment charges him with "knowingly and intentionally, and with wanton disregard for the consequences of his act, taking a bald eagle without being permitted to do so," by shooting and killing a two bald eagles (Counts I & II) and selling red-tail hawk feathers (Count III). Filing No. 1, Indictment at 1-2. The defendant's motion to dismiss is based on his contention that the Eagle Protection Act impermissibly burdens his freedom to practice his religion and violates the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb-1 to 2000bb-4. See Filing No. 23, Motion to Dismiss Indictment at 1.

The United States Magistrate Judge held a hearing on the matter on July 17, 2009, and September 29, 2009. Filing No. 35, Transcript of Proceeding on July 17, 2009 (Tr., Vol. I); Filing No. 44, Transcript of Proceeding on September 29, 2009 (Tr., Vol. II). The

magistrate judge recommended that the motion be denied, finding that the burden placed on the defendant's free exercise of his religion by the Eagle Protection Act is not substantial. Filing No. 47, R&R at 14.  Alternatively, the magistrate judge found that if the court were to find that the Eagle Protection Act substantially burdened the defendant's free exercise of his religion, the government had shown that it has a compelling interest in protecting bald eagles and that its permit process was the least restrictive means of furthering that compelling interest.  *Id.* at 15.

The defendant objects, contending that the removal of the bald eagle from the endangered species list shows that the government does not have a compelling interest.[1] Filing No. 48, Objection at 1.  The defendant also asserts error in the magistrate judge's refusal to allow testimony with respect to "the changes in law that allows for the killing or moving of bald eagles for corporate purposes." *Id.* at 1-2.  He contends that the testimony would have shown differences in enforcement of the law between Native Americans and corporations.  *Id.* at 2.  Further, the defendant asserts that expert testimony is necessary to sustain the government's burden.  *Id.*

Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a *de novo* determination of those portions of the R&R to which the defendant objects. *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003).  The court has reviewed the record including the transcript of the hearings.  The court accepts the factual findings of the magistrate judge and they need not be fully repeated here.  *Id.* at 3-12.

---

[1] In July 2007, the Department of the Interior removed the bald eagle from the Endangered Species List.  *See* 72 Fed. Reg. 37,346 (July 9, 2007); 50 C.F.R. § 17.11(h) (List of Endangered and Threatened Wildlife).

2

## II. DISCUSSION

### A. Law

Under the RFRA, the Federal Government may not "substantially burden a person's exercise of religion, 'even if the burden results from a rule of general applicability.'" *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 424 (2006) (quoting 42 U.S.C. § 2000bb-1(a)).  To establish a prima facie case under the RFRA, a movant "must show that the statute at issue works a substantial burden on his ability to freely practice his religion."  *Guam v. Guerrero*, 290 F.3d 1210, 1222 (9th Cir. 2002).  A movant must present evidence sufficient to allow a rational trier of fact to find that:  (1) the activities the plaintiff claims are burdened by the government action are an "exercise of religion;" and (2) the government action "substantially burdens" the plaintiff's exercise of religion.  See *Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1068 (9th Cir. 2008); 42 U.S.C. § 2000bb-1(a).  A governmental action substantially burdens the free exercise of religion if it "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs."  *Thomas v. Review Bd. of Indiana. Employment Sec. Div.*, 450 U.S. 707, 718 (1981).  Once a movant has established a prima facie case, the government has the burden to "demonstrat[e] that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." *Hamilton v. Schriro,* 74 F.3d 1545, 1552 (8th Cir. 1996).  Both prongs of this test are questions of law.  *In re Young*, 82 F.3d 1407, 1419 (8th Cir.1996), *vacated & remanded sub nom. Christians v. Crystal Evangelical Free*

*Church*, 521 U.S. 1114 (1997) (Mem.), *reinstated in relevant part*, 141 F.3d 854, 856 (8th Cir.1998).

Preserving the bald eagle population is a compelling governmental interest. *United States v. Oliver*, 255 F.3d 588, 589 (8th Cir. 2001) (per curiam); *see also United States v. Friday*, 525 F.3d 938, 956 (10th Cir. 2008) (noting that "the Act and its attendant permitting process have the effect of protecting, as well as inconveniencing, the practices of the Northern Arapaho and other tribes that use eagles as a part of their religious ceremonies" because "[i]f eagles were not protected or if there were no effective means of distinguishing between religious and nonreligious takings of eagles, it presumably would be more difficult for sponsors of ceremonials to obtain eagles for their sacred purposes"). The removal of bald eagles from the Fish and Wildlife Service's endangered and threatened species list does not alter that conclusion. *United States v. Hardman*, 297 F.3d 1116, 1128 (10th Cir. 2002) (holding that the government's interest in eagle protection remains compelling whether eagle populations are threatened or not because the bald eagle remains "our national symbol whether there [are] 100 eagles or 100,000 eagles" and noting that "[w]hat might change depending on the number of birds is the scope of a program that we would accept as being narrowly tailored as the least restrictive means of achieving its interest").

The permit process has been held to be the least restrictive means available for preserving and protecting the eagle population. *United States v. Oliver*, 255 F.3d 588 (8th Cir. 2001); *United States v. Hugs*, 109 F.3d 1375, 1378 (9th Cir. 1997) (per curiam) ("[T]he statute and permit system provide the least restrictive means of conserving eagles. . . ."); *see also* 50 C.F.R. § 22.22 (regarding requirements concerning permits authorizing taking

of eagles or eagle parts for Indian religious purposes); 59 Fed. Reg. 22953, 1994 WL 16189199 (policy regarding improving collection and transfer of eagle parts to the National Eagle Repository).

### B. Analysis

The court finds no error in the magistrate judge's findings. The evidence adduced at the hearing supports the conclusion that the repository and permit processes, while arguably inconvenient, do not impose a substantial burden on the defendant's right to practice his religion. The evidence established that a tribal member would have to wait ninety days to six months for delivery of feathers from the repository. This moderate delay does not deny the defendant a reasonable opportunity to practice his religion. Alternatively, the court finds that even if the Eagle Protection Act imposed a substantial burden, the government has met its burden to show that the repository and permit process are the least restrictive means to further the government's compelling interest in protecting and preserving the bald eagle population.

Further, the court finds no error in the magistrate's decision to sustain a relevance objection to testimony regarding enforcement of the Eagle Protection Act against corporations. The court agrees with the magistrate judge that the defendant had not raised an equal protection challenge and the testimony would not have been relevant to the religious freedom issue. In addition, the testimony of Special Agent Mark Allen Webb of the United States Fish and Wildlife Service was sufficient to establish the procedures for obtaining eagle feathers from the repository or through the permit process. Expert testimony was not required to prove that the repository and permit process is the least restrictive alternative because resolution of that issue is a matter of law for the court.

Accordingly, the court finds the defendant's objections are without merit. For the reasons stated in the magistrate judge's R&R, the court finds the defendant's motion to dismiss should be denied.

IT IS ORDERED:

1. The defendants' objection (Filing No. 48) to the report and recommendation of the magistrate judge is overruled.

2. The report and recommendation of the magistrate judge (Filing No. 47) is adopted.

3. The defendant's motion to dismiss (Filing No. 23) is denied.

DATED this 22nd day of December, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge